IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>STEVEN W. SNOOK,<br>    Defendant. | Case No. 2:03-cr-20034-JEH-1 |

**Order**

Now before the Court is the Defendant, Steven W. Snook's *pro se* and counseled motions for early termination of supervised release. For the reasons stated, *infra*, Snook's counseled motion (D. 61) is granted and the *pro se* motion (D. 58) is therefore moot.[1]

The case against Snook began with his arrest on May 9, 2003, following a federal grand jury indictment on charges related to drug trafficking activities. On November 14, 2003, Snook was sentenced to 262 months of imprisonment for attempted possession of cocaine with intent to distribute and possession of five or more kilograms of cocaine with intent to distribute, to be served concurrently, followed by a ten-year term of supervised release. Snook's term of supervised release commenced on February 17, 2023, after his release from the Bureau of Prisons. On March 14, 2025, Snook filed a *pro se* motion for early termination of supervised release, which was later amended by his court-appointed attorney. The government opposes the motion, citing Snook's criminal history and the limited time served on supervised release.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

During his lengthy incarceration, Snook's conduct was exemplary, as he engaged in various rehabilitative programs and maintained a clean disciplinary record. Since his release, Snook has continued to demonstrate positive behavior. He has maintained stable employment, founded a company and a nonprofit, and has been actively involved in community service and ministry work. Snook has not violated any conditions of his supervised release and has consistently tested negative for drugs.

Snook argues that his exemplary conduct on supervised release, coupled with his rehabilitation and community contributions, warrants early termination of his supervised release. He emphasizes that continued supervision is counterproductive and hinders his ability to expand his ministry and community outreach. The government opposes the motion, arguing that Snook's criminal history and the short duration of his supervised release weigh against early termination. The government contends that Snook's compliance with supervision conditions is expected and insufficient to justify early termination.

Pursuant to 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after one year if it is warranted by the defendant's conduct and the interests of justice. This Court's decision in *United States v. Crisp*, ___ F. Supp. 3d ___, 2025 WL 819126 (C.D. Ill; March 14, 2025), provides guidance on the considerations of this Court when considering early termination of supervised release, emphasizing that the primary goal of supervised release is rehabilitation, not punishment, and that early termination can incentivize compliance and rehabilitation. In *Crisp*, this Court granted early termination based on the defendant's exemplary conduct and rehabilitation, despite a significant criminal history. *Id.*

Analogous to the Defendant in *Crisp*, Snook has demonstrated substantial rehabilitation and positive contributions to society. His conduct on supervised release has been exemplary, and he has shown a commitment to a law-abiding lifestyle. The factors under § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, weigh in favor of early termination. Snook's successful reintegration into society and his contributions to the community support the conclusion that continued supervision is unnecessary and counterproductive.

Based on the foregoing analysis, this Court's decision in *Crisp*, and the factors set forth in § 3553(a), the Court finds that early termination of Snook's supervised release is warranted by his conduct and the interests of justice. Accordingly, the motion for early termination of supervised release (D. 61) is granted and the *pro se* motion (D. 58) is moot.

*It is so ordered.*

Entered on May 2, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE